UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark William Yeo,

    Petitioner,

v.

Vicki Janssen, Warden,

    Respondent.

Civil No. 15-2748 (MJD/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the Court, Magistrate Judge Jeffrey J. Keyes, on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner Mark William Yeo ("Petitioner" or "Yeo") is a prisoner confined at the Minnesota Correctional Facility at Faribault, Minnesota,[1] as the result of his conviction and sentencing in Otter Tail County District Court. He was found guilty by a jury on a charge of criminal sexual conduct in the first degree in violation of Minn. Stat. § 609.342, subd. 1(b)[2] and was sentenced to a term of 144 months imprisonment. The action has been referred to this Court for a report and

---

[1] Petitioner was confined at MCF-Lino Lakes, Minnesota when he commenced this habeas corpus action.

[2] Elements of the offense are: (1) sexual penetration of a complainant who is at least 13 years of age but less that 16 years of age and (2) the actor is more that 48 months older than the complainant and (3) in a position of authority over the complainant. A person in a "position of authority" under Minn. Stat. § 609.341, subd. 10 includes a person acting in the place of a parent and charged with any duty or responsibility for the health, welfare, or supervision of a child, either independently or through another, no matter how brief, at the time of the act.

recommendation to the District Court under 28 U.S.C. § 636 and Local Rule 72.2.

The Petitioner alleges that: (1) the length of his sentence was excessive because the state did not prove he was in a "position of authority" over the victim; (2) a search warrant was issued after a search had already been conducted and was not supported by probable cause or a nexus between the locations to be searched and the alleged criminal activity; and (3) the victim witness was not allowed to be cross-examined about acts of lying and shoplifting.  For the reasons stated below, this Court recommends that the Petition (Doc. No. 1) be dismissed with prejudice.

## I. Background and Claims[3]

The victim in this case, V.T., was 13 years old when she first met Petitioner Mark Yeo in 2011.  Petitioner was a friend of V.T.'s father and is more than 48 months older than V.T.  Yeo and V.T. saw each other weekly, usually alone, from the time they met through April 2012.  On different occasions, Petitioner brought V.T. to restaurants, a waterpark, a shopping mall, his house, and a hotel.  He also took her shopping and bought her clothing, bedsheets, food, and a small refrigerator.  During their time together they discussed V.T.'s difficulties at home and school.  They also exchanged text messages and phone calls.  V.T.

---

[3] Facts relating to the criminal charges are taken from *State v. Yeo*, 2014 WL 1272113 (Minn. Ct. App. March 31, 2014) unless otherwise cited.  See *Smith v. Kemna*, 309 Fed. Appx. 68 (8th Cir. 2009) (unpublished opinion) (quoting facts from state appellate decision).

considered Yeo to be somewhat of a father figure.

V.T. identified and described three times during which she was sexually touched by Petitioner. The first incident occurred in January 2012, when Yeo took V.T. to a hotel where they spent the night and slept on the same bed. Yeo touched V.T.'s breast over her clothing, and he took photos of her while she slept and when she was in the hotel pool. The second incident happened in March 2012, after Yeo had taken V.T. and her father to brunch. After the meal, Yeo took V.T.'s father home, but Yeo and V.T. then left together and were alone for about six hours. During this time, while in Yeo's pickup truck, he digitally penetrated V.T. She testified that this was not the only time Yeo had done this, and that she told him she liked it because she was concerned that if she said she did not, he would stop buying things for her. The third incident of sexual contact took place later in March 2012. Yeo and V.T. went to a pawn shop where V.T. saw a guitar that she wanted. Afterwards, while in his truck, Yeo touched V.T.'s breasts with his fingers and told her that if she wanted the guitar she would have to let him touch her like that. Yeo bought the guitar for V.T., and during the ride home he touched her again in an unspecified way.

The sexual nature of Petitioner's association with V.T. first came to light when Petitioner attempted to cross the U.S.–Canada border on March 31, 2012. During a border crossing search, customs officers discovered items in Yeo's possession, including photos of a young teenage girl and information relating

3

specifically to V.T. *State v. Yeo*, 2014 WL 1272113 at *3-4. The materials were not illegal or pornographic, but they raised suspicions of customs agents and prompted them to contact Otter Tail County authorities in regards to the items they found. (*Id.*) Petitioner and V.T. were both residents of Otter Tail County.

Officers in Otter Tail County commenced an investigation which included a warrant to search the Petitioner's home and two vehicles. The warrant was executed on April 3, 2013. V.T. was also interviewed on that day and provided information that was contained in the search warrant application and affidavit. The evidence obtained as a result of the search and the interview with V.T. led to charges against the Petitioner alleging one count of first-degree criminal sexual conduct, two counts of second-degree criminal sexual conduct, and one count of third-degree criminal sexual conduct. One of the second-degree criminal sexual conduct charges was dismissed by the district court, and a jury found the Petitioner guilty on the three remaining counts. Yeo was sentenced to 144 months imprisonment, to be followed by ten years supervised release, on the first-degree criminal sexual conduct charge.[4]

**Minnesota State Appeals.** Petitioner's convictions were affirmed on

---

[4] As part of the sentence, Petitioner was also directed to complete sex-offender treatment, and ordered to have no contact with children, the victim, or her family. On appeal, the sentencing provisions requiring completion of sex-offender treatment and the no-contact order were reversed. These matters are not subjects of the Petition for habeas corpus relief or this Report and Recommendation.

appeal to the Minnesota Court of Appeals, *Yeo*, 2014 WL 1272113 (Minn. Ct. App. March 31, 2014) , and the Minnesota Supreme Court denied review. (Doc. No. 6 at 124; Resp. Appx.)   Issues raised in the Court of Appeals were: (1) whether the State had established that the Petitioner was in a position of authority over the complainant at the time of the criminal act; (2) whether the search warrant application provided a nexus between the alleged criminal activity and the places to be searched; and (3) whether the Petitioner was improperly denied the opportunity to cross-examine a witness regarding shoplifting offenses.  (*Id.* at 86–87; Appellant's Br.)  The Court of Appeals ruled that there was sufficient evidence to support the jury's finding that Yeo was in a position of authority over V.T. when the alleged acts occurred; that the district court did not err in determining that the search warrant application established a nexus between the alleged crime and the places to be searched; and that the district court did not abuse its discretion by excluding evidence of V.T.'s shoplifting offenses.  *Yeo*, 2014 WL 1272113 at *4–5.  Petitioner appealed the decision to the Minnesota Supreme Court, raising the same three issues. (Doc. No. 6 at 143; Pet. for Rev. of Dec. Ct.  App.)  The Supreme Court denied review. (*Id.* at 124.)

   **Habeas Claims.**  The Petition for habeas corpus relief contains the same three grounds for relief which were presented to the Minnesota Court of Appeals and the Minnesota Supreme Court, stating claims for relief that allege:
(1) Petitioner was not in a position of authority over the victim; (2) the search

5

warrant was unlawfully issued; and (3) the Petitioner was not allowed to cross-examine a witness about shoplifting.

## II. Legal Standards

### A. AEDPA Standard

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d)(1)–(2).

The United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses in *Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably

6

applies that principle to the facts of the prisoner's case." *Id.* "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005) (quoting *Williams*, 529 U.S. at 411).

## III. Analysis

### A. Position of Authority

The Petitioner here has not presented a claim based on "position of authority" that is subject to federal habeas corpus review. Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(1). A prisoner must establish that the State's exercise of custody over his person is in violation of the federal constitution, a federal law, or a federal treaty before a federal court may issue a writ of habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Garcia v. Powers*, 973 F.2d 684, 685 (8th Cir. 1992).

Claims based on state court interpretations of state law are not subject to federal habeas review. "[F]ederal habeas corpus relief does not lie for errors of state law … [and] it is not the province of a federal habeas court to reexamine

7

state court determinations on state law questions." *Robinson v. Leapley*, 26 F.3d 826, 829 (8th Cir. 1994) (quoting *Estelle v. McGuire*, 502 U.S. at 67–68). Moreover, as the Court of Appeals for the Eighth Circuit stated in *Evenstad v. Carlson*, 470 F.3d 777, 782–83 (8th Cir. 2006):

> [I]t is not enough for [petitioner] to argue the Minnesota state courts misapplied state law. To obtain habeas relief, [petitioner] must be able to point to the Supreme Court precedent he thinks the Minnesota state courts acted contrary to or applied unreasonably.

*See also Turnage v. Fabian*, 606 F.3d 933, 942 (8th Cir. 2010) (citing *Evenstad v. Carlson* and declining to review a habeas petitioner's claims regarding state court interpretation and application of state law).

Petitioner contends that the length of his sentence was excessive because evidence did not establish that he was in a position of authority over the victim. The Petitioner has not alleged that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Nor does he claim that his conviction resulted in a decision that was contrary to clearly established federal law or resulted in a decision that was based on an unreasonable determination of facts. *Id.* § 2254(d)(1)–(2).

A petitioner's claims in a habeas corpus action must be based on an alleged violation of federal constitutional rights, as required by 28 U.S.C. § 2254(a). *See Wainwright v. Goode*, 464 U.S. 78, 83 (1983) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.") (citations omitted). Here, the Minnesota Court of

8

Appeals specifically dealt with the claim that Petitioner was not in a position of authority. The court found that there was ample evidence that Yeo had involved himself in the victim's life and had assumed responsibility for her health, welfare, and supervision, and such evidence was sufficient to establish that Yeo was in a position of authority and to support the conviction. *Yeo*, 2014 WL 1272113 at *4. Petitioner is asking this Court to conclude that the Court of Appeals did not draw the correct inferences from the evidence and therefore arrived at the wrong conclusions about his position of authority over the victim. Yeo has not asserted any errors of a constitutional dimension by the State courts and is essentially attempting a federal court appeal on a non-federal issue. Even though he contends that the Court of Appeals conclusion on this issue is incorrect, he does not argue that the decision was unreasonable.

The petition here does not explicitly state that a federal claim is being asserted, and Petitioner has made no citation to United States Supreme Court precedent or other federal case law or statute(s) from which this Court could reasonably infer that a federal claim was being asserted as to the position of authority claim.[5] Also, the term "position of authority" is not asserted to be a

---

[5] In any event, such a federal claim would be unexhausted and not subject to review on application for habeas corpus relief because no federal claim was identified in state court appellate court submissions or decisions, and a decision was reached on the merits. *See* Appellant's Brief in Court of Appeals (Doc. No. 6 at 78–115; Resp. Appx.) *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that before federal constitutional claim may be presented to federal courts, "state prisoners must give the state one full opportunity to resolve any

phrase that has any particular implications in federal law. The term simply does not raise a red flag indicating the existence of a federal issue. A party wishing to raise a federal issue can easily indicate the federal law basis for such a claim by mere reference to the federal statute or a case that decides a like claim on federal grounds. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (discussing whether a federal issue was fairly presented to the state court). Yeo's claim that the length of his sentence was excessive because his position of authority over the victim was not proven is not subject to review under 28 U.S.C. § 2254(a) and should be dismissed.

B.   **Search Warrant**

Petitioner next claims that a warrant to search his home and two vehicles was not supported by probable cause because the application did not state a nexus between the offenses and the locations to be searched. Though the petition again does not expressly assert a violation of federal law as a basis for the claim, the reference to probable cause for issuance of a search warrant is sufficient to state a constitutional claim that can be reviewed under 28 U.S.C. § 2254. The problem facing the Petitioner, however, is that his claim is based on the probable cause and nexus issues that were raised in his state appeals, and

---

constitutional issues by invoking one complete round of the State's established appellate review process.")  Here, the Petitioner completed a full round of state appeals, and he did exhaust the issue as it is presented in the Petition, but he did not raise a constitutional issue on the "position of authority" matter, either in the Petition or in state appeals.

the Fourth Amendment issue raised by the petition is not subject to federal habeas review.  In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court ruled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Id.* at 494.  *Palmer v. Clark*, 408 F.3d 423, 437 (8th Cir. 2005) ("we will review a Fourth Amendment claim raised in a habeas petition only if either 'the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system.'" (citing *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994)); *See also Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995).

   The record in this case establishes that the Petitioner's Fourth Amendment search warrant claim was fully reviewed by the Minnesota Court of Appeals in *Yeo*, 2014 WL 1272113 at *2–3.  Petitioner was not foreclosed from raising his claims through the appeal process and there is no suggestion or indication of any breakdown in the state appellate process in this case.  *Willett v. Lockhart*, 37 F.3d

at 1272–73.[6]  Petitioner's Fourth Amendment search and seizure claim should be dismissed.

### C. Impeachment by Cross-examination on Shoplifting Incidents

Petitioner's third ground for habeas relief is his claim that the trial court erred by not allowing him to attack the credibility of the state's witness through cross-examination regarding prior acts of shoplifting and dishonesty.  Again, as with Petitioner's first claim on position of authority, no claim for relief based on constitutional issues is unequivocally presented in the petition.  However, even though the habeas petition contains no reference to federal authority in support of the claim, the Petitioner did cite federal case law in making the same claim to the Minnesota Court of Appeals (App. Br. 29, 31), and the petition arguably presents a federal issue by characterizing the claim as denial of the right to cross-examine a witness for the State as to "prior acts of theif (sic) and dishonesty which would be highly relevant to her credibility." (Pet. 9).  *See Wealot v. Armontrout*, 740 F. Supp. 1436, 1441–43 (W.D. Mo. 1990) (finding that a federal claim under the Sixth Amendment Confrontation Clause was fairly presented by reference to

---

[6] In *Willett*, the court explained that "Fourth Amendment claims asserted by state prisoners in federal habeas petitions are to be treated differently from other constitutional claims because of the nature and purpose of the exclusionary rule and the incremental value gained from its implementation in the habeas corpus situation compared with the costs it imposes upon the administration of justice. The federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." 37 F.3d at 1273.

federal circuit court opinions discussing a challenge to the witness's credibility through cross-examination).  The Minnesota Court of Appeals construed the claim as an evidentiary issue as to which the trial court did not abuse its discretion by prohibiting inquiry into specific acts of conduct concerning the witness's character for truthfulness or untruthfulness.

This determination that claims have been presented satisfies the requirements that a federal violation be alleged under 28 U.S.C. § 2254(a) and that the federal claims have been exhausted in the state courts.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  As to the merits of the claim that the Petitioner was denied the right to test the credibility of a witness by cross-examination, the court looks to compliance with established rules of procedure and evidence.  *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

In the state courts this claim was raised and considered as an issue under the Minnesota Rules of Evidence.  Rule 608 states in pertinent part:

> **(b) Specific Instance of Conduct.**  Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
> (1) the witness.

*Id.*  The evidence at issue concerned two incidents of petty theft, *i.e.*, shoplifting, committed by the witness-complainant.  In August 2011, the witness stole a purse

13

and she cut her hand in the process of filling the purse with additional items. She was not truthful when confronted about how she cut herself. In October 2011, she was again caught shoplifting. The trial court did not allow cross-examination on these matters, and the Court of Appeals concluded that the trial court's ruling was not an abuse of its discretion because the shoplifting crimes were not probative of the witness's character for truthfulness. *Yeo*, 2014 WL 1272113 at *4. And even though the first incident involved a false statement, the nature of the statement lacked any significant probative value as to the honesty of the witness's testimony about sexual abuse in this case. *Id.* at *5.

  With respect to the crimes here being admissible as convictions under Minn. R. Evid. 609, in *State v. Darveaux*, 318 N.W.2d 44, 48 (Minn. 1982), the Supreme Court held that shoplifting is not a conviction involving dishonesty or false statement under Rule 609(a)(2). In *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977), a federal circuit court likewise concluded that shoplifting is not a crime involving dishonesty or false statement under Fed. R. Evid. 609(a)(2). *Id.* (stating "Human experience does not justify an inference that a person will perjure himself from proof that he was guilty of petty shoplifting... [a]n absence of respect for the property of others is an undesirable character trait, but it is not an indicium of a propensity toward testimonial dishonesty"). The trial court did not abuse its discretion in applying Rule 608, and did not err in excluding cross-examination on shoplifting incidents. As to the witness's false statement about

how she cut her hand during the first shoplifting incident, this Court agrees that the nature of the statement is such that it carries no significant probative value as to the witness's character for truthfulness or untruthfulness or the honesty of the witness's testimony about sexual abuse. In any event, the Court of Appeals decision is not unreasonable or contrary to clearly established law. Therefore, the Petitioner has not stated a claim based upon witness cross-examination that would entitle him to relief under 28 U.S.C. § 2254.

## IV.     Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, could decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified (and the Court cannot independently discern) anything novel, noteworthy or worrisome

about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

Based upon all of the files, records, and proceedings herein, this Court makes the following:

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Petitioner Mark William Yeo's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 1) be **DISMISSED WITH PREJUDICE** and that Certificate of Appealability be **DENIED**.

Dated: April 1, 2016

      s/*Jeffrey J. Keyes*
      Jeffrey J. Keyes
      United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 16, 2016**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.